UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DOUGLAS F. TULLOS et al.,

        Plaintiffs,

v.

BRADLEY BALK et al.,

        Defendants.
_____/

Case No. 1:18-cv-883

Honorable Paul L. Maloney

# **OPINION**

This is a civil rights action initially brought by two state prisoners under 42 U.S.C. § 1983 and, arguably, Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12131, and Section 504 of the Rehabilitation Act of 1973 (RA), 29 U.S.C. 794(a). The Court has dismissed Plaintiff Stricker's portion of the complaint without prejudice for lack of prosecution and failure to comply with the Court's order. The matter now is before the Court on initial screening of Plaintiff Tullos' portion of the complaint, as required under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA). The PLRA requires the Court to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff Tullos' complaint for failure to state a claim.

**Discussion**

I.      **Factual allegations**

Plaintiff Tullos presently is on probation and is supervised by the Michigan Department of Corrections (MDOC) through the St. Joseph County Probation Office. He is housed at the Twin County Community Probation Center. However, Plaintiff sues St. Joseph County Sheriff Bradley Balk and the St. Joseph County Sheriff Department for the conditions of confinement he experienced while he was confined in the St. Joseph County Jail during some part of 2018.

Plaintiff alleges that Defendants fail to

> "provid[e] handicapped individuals with reasonable ease of access to: (1) the showers, (A) a six inch lipped entrance to overcome; (B) no lighting, (C) no safety handrails and (D) no shower seat; (2) the toilets, (A) narrow stalls – 26 & 32 inches wide, (B) only one recently installed safety bar; (3) no wheelchair access to the inmate yard; (4) no wheelchair access[i]ble tables or bathroom sink; and (5) no handicap access[i]ble doors.

(Compl., ECF No. 1, PageID.3) The complaint alleges that Plaintiff Stricker (who was previously dismissed from the action) uses a wheelchair and has suffered a variety of difficulties with the alleged inadequacies of the facility. The only allegation about Plaintiff Tullos, however, is that he "wrote a grievance on 7/14/2018 concerning a leaky toilet (here in the Dorm) that has been leaking for months, and the dangerous conditions it poses, especially for handicapped individuals." (*Id.*)

Plaintiff seeks injunctive relief, fines, court costs, and punitive damages.

II.     **Failure to state a claim**

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include

more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### III. Analysis

Plaintiff appears to allege violations of the Eighth and/or Fourteenth Amendments based on the conditions of confinement. He also arguably intends to allege a violation of Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12131, and Section 504 of the Rehabilitation Act of 1973 (RA), 29 U.S.C. 794(a).

#### A. <u>Claims Raised on Behalf of Others</u>

Plaintiff Tullos' allegations speak broadly about the inadequacy of the jail facilities for disabled persons. He does not, however, allege that he is himself disabled. Instead, with the exception of his allegation about the leaky toilet, all of the claims raised in the complaint appear to have been brought on behalf of inmates other than himself.

Plaintiff lacks standing to assert the rights of other prisoners. *Newsom v Norris*, 888 F.2d 371, 381 (6th Cir. 1989); *Raines v. Goedde*, No. 92-3120, 1992 WL 188120, at *2 (6th Cir. Aug. 6, 1992). As a layman, Plaintiff may only represent himself with respect to his individual claims, and may not act on behalf of other prisoners. *See Warth v. Seldin*, 422 U.S. 490, 498 (1975) (a plaintiff must "assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties"); *O'Malley v. Brierley*, 477 F.2d 785 (3d Cir. 1973); *Lutz v. LaVelle*, 809 F. Supp. 323, 325 (M.D. Pa. 1991); *Snead v. Kirkland*, 462 F. Supp. 914, 918 (E.D. Pa. 1978).

Because Plaintiff is not disabled, he lacks standing to raise the claims concerning the adequacy of the facility for persons with disabilities. As a result, the only factual allegation in issue here is whether the leaking toilet violates Plaintiff's constitutional or statutory rights.

B.      Vicarious Liability

Plaintiff sues the St. Joseph County Sheriff Department. The sheriff department does not exist as a separate legal entity; it is simply an agent of the county. *Vine v. Cnty. of Ingham*, 884 F. Supp. 1153, 1158 (W.D. Mich. 1995) (citing *Hughson v. Cnty. of Antrim*, 707 F. Supp. 304, 306 (W.D. Mich. 1988) and *Bayer v. Almstadt*, 185 N.W.2d 40, 44 (Mich. Ct. App. 1970)). Accordingly, the St. Joseph County Sheriff Department is not a proper party defendant. However, construing Plaintiff's *pro se* complaint with all required liberality, *Haines*, 404 U.S. at 520, the Court assumes that Plaintiff intended to sue St. Joseph County.

Plaintiff also sues St. Joseph County Sheriff Balk. In matters pertaining to the conditions of the jail and to the operation of the deputies, the sheriff is the policymaker for the county. Mich. Comp. Laws § 51.75 (sheriff has the "charge and custody" of the jails in his county); Mich. Comp. Laws § 51.281 (sheriff prescribes rules and regulations for conduct of prisoners); Mich. Comp. Laws § 51.70 (sheriff may appoint deputies and revoke appointments at any time); *Kroes v. Smith*, 540 F. Supp. 1295, 1298 (E.D. Mich. 1982) (the sheriff of "a given county is the only official with direct control over the duties, responsibilities, and methods of operation of deputy sheriffs" and thus, the sheriff "establishes the policies and customs described in *Monell*").

St. Joseph County and Sheriff Balk may not be held vicariously liable for the actions of county employees under § 1983. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011); *City of Canton v. Harris*, 489 U.S. 378, 392 (1989); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Instead, a county is liable only when its official policy or custom causes the injury. *Connick*, 563 U.S. at 60. Plaintiff appears to suggest that the failure to repair the toilet may have arisen from an official policy or custom.

C. <u>Eighth Amendment/Fourteenth Amendment</u>

Plaintiff suggests that the leaky toilet in his jail dorm rendered the conditions of his confinement in the jail unconstitutional under the Eighth or Fourteenth Amendments. Plaintiff does not indicate whether he was a convicted inmate or a pretrial detainee when he was housed at the jail.

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. "Routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347). As a consequence, "extreme deprivations are required to make out a conditions-of-confinement claim." *Id.*

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80

6

(6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)).

Although the Eighth Amendment's protections apply specifically to post-conviction inmates, *see Barber v. City of Salem, Ohio*, 953 F.2d 232, 235 (6th Cir. 1992), the Sixth Circuit long has held that the Due Process Clause of the Fourteenth Amendment applicable to pretrial detainees guarantees at least as much protection as the Eighth Amendment. *Thompson v. Cnty. of Medina*, 29 F.3d 238, 242 (6th Cir. 1994); *see also Molton v. City of Cleveland*, 839 F.2d 240, 243 (6th Cir. 1988) (stating that alleged violation of pretrial detainee's Eighth and Fourteenth Amendment rights is governed by the "deliberate indifference" standard).

Recently, in *Kingsley v. Hendrickson*, 576 U.S. ___, 135 S. Ct. 2466 (2015), the Supreme Court held that, when considering what constitutes excessive force in relation to pretrial detainees, the Due Process Clause of the Fourteenth Amendment does not require application of a subjective component of the deliberate indifference standard. Instead, the relevant inquiry is whether the force that was purposely or knowingly used against the prisoner was objectively unreasonable. *Id.* at 2473; *Coley v. Lucas Cty.*, 799 F.3d 530, 538 (6th Cir. 2015) (citing *Hendrickson*). Thereafter, in *Richmond v. Huq*, 885 F.3d 928 (6th Cir. 2018), a case involving the constitutional adequacy of medical treatment provided by the jail, the Sixth Circuit reserved deciding whether *Kingsley* eliminated the subjective prong of the deliberate indifference test for all Fourteenth Amendment conditions-of-confinement claims filed by pretrial detainees. *Richmond*, 885 F.3d at 938 n.3 (noting that the Second, Ninth, and Fifth Circuits have split on the issue).

Assuming that Plaintiff was a pretrial detainee when he was at the jail, the Court need not reach the question whether the standard for a conditions-of-confinement claim under the Fourteenth Amendment requires a subjective component, because Plaintiff cannot demonstrate that the conditions of his confinement were objectively unreasonable. Plaintiff complains only that a single toilet in his dorm leaks, which, he alleges, poses a danger to prisoners. He does not allege that he faced a particular risk because of a disability. Nor does he allege that the leaky toilet resulted in unsanitary conditions or intolerable living conditions. And he does not indicate that any prisoner has slipped as a result of the leak. Under these circumstances, Plaintiff fails to demonstrate that he faced a sufficiently serious risk to his health or safety. *See Ritter v. Rutherford Cnty. Adult Detention Ctr.*, No. 3:15-cv-00679, 2015 WL 3946392, at *3 (M.D. Tenn. June 26, 2015) (holding that a leaking toilet, without more, does not created an objectively serious risk of harm) (citing, *inter alia*, *Rhodes*, 452 U.S. at 348 (suggesting that the Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement")); *see also Reynolds v. Powell*, 370 F.3d 1028, 1031–32 (10th Cir. 2004) (holding standing water in shower did not pose substantial risk of serious harm, even though plaintiff was on crutches); *see also Bell v. Ward*, 88 F. App'x 125, 127 (7th Cir. 2004) (holding that wet floor in common area of cell block, resulting in four-stitch injury to inmate, did not pose substantial risk of serious harm, noting that he and others had previously crossed wet floor without slipping); *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) (noting that "slippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment"); *Smith v. Melvin*, No. 95-2531, 1996 WL 467658, at *2 (7th Cir. Aug. 14, 1996) (holding that plaintiff's "allegations of water leaking from the toilet and accumulating on the cell floor do not rise to the level of extreme deprivation required to establish an objective violation of the Eighth

Amendment"); *Ball v. City of Bristol Jail*, No. 7:10CV00333, 2010 WL 87503003, at *2 (W.D. Va. July 30, 2010) (failure to fix a leaking toilet tank for four months does not create an objectively excessive risk of serious harm to prisoner, despite prisoner's subsequent slip and fall); *Santiago v. Guarini*, 2004 WL 2137822, at *2 (E.D. Pa. Sept. 20, 2004) (holding toilet and sink leak in cell, causing slip and fall, did not present substantial risk to inmate's safety and were not objectively serious conditions); *Oliver v. Powell*, 250 F. Supp. 2d 593, 605 (E.D. Va. Sept. 4, 2001) (placement in a segregation cell with roaches, leaky toilets, peeling paint, and writing on the wall do not rise to the level of an Eighth Amendment claim).

As a result, Plaintiff fails to demonstrate that his jail conditions presented an objectively serious risk within the meaning of the Eighth and Fourteenth Amendments. He therefore fails to state a claim against Defendant Balk in his individual capacity. For the same reasons, to the extent that Plaintiff suggests that the failure to repair the toilet may have arisen from a policy or custom, Plaintiff fails to demonstrate that any such custom or policy resulted in objectively serious risk to Plaintiff. *Connick*, 563 U.S. at 60; *City of Canton*, 489 U.S. at 392. He therefore fails to state either an Eighth or Fourteenth Amendment municipal-liability claim against Defendants Balk and St. Joseph County.

### D.  ADA & Rehabilitation Acts

Plaintiff Tullos also appears to allege that Defendants violated his rights under Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12131, and Section 504 of the Rehabilitation Act of 1973 (RA), 29 U.S.C. 794(a). Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Therefore, to state a claim under the ADA,

9

Petitioner must show that he is a "qualified person," that he has a "disability," and that parole is a "service, program, or activity" of the state. In the ADA, the term "disability" is defined as follows: "[1] a physical or mental impairment that substantially limits one or more of the major life activities of such individual; [2] a record of such an impairment; or [3] being regarded as having such an impairment." 42 U.S.C. § 12102(2). Similarly, Section 504 of the Rehabilitation Act protects any "otherwise qualified individual" from "be[ing] excluded from the participation in, be[ing] denied the benefits of, or be[ing] subjected to discrimination" under specified programs "solely by reason of her or his disability." 29 U.S.C. § 794(a).

Petitioner's ADA and RA claims fail at the first step. He utterly fails to allege any fact suggesting that he is a qualified person with a disability. Plaintiff Tullos' ADA and RA claims therefore will be dismissed for failure to state a claim.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff Tullos' complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated: October 26, 2018          /s/ Paul L. Maloney
                                 Paul L. Maloney
                                 United States District Judge